No. 2872

Second Circuit

———

SAENGER-EHRLICH ENTERPRISES, INC. v. STEPHENS

———

(March 12, 1929. Opinion and Decree.)

———

Thigpen, Herold, Lee and Cousin, of Shreveport, attorneys for plaintiff, appellee.

E. L. Blewer and J. T. Jeter, of Shreveport, attorneys for defendants, appellants.

ODOM, J. This suit is brought by plaintiff to recover the amount of $300.00, for damages caused to its building in the City of Shreveport, resulting from the alleged negligence of defendants in driving their automobile against it. Defendants answered, denying generally plaintiff's allegations. There was judgment in the lower court for plaintiff, as prayed for; and defendants have appealed.

## OPINION.

The testimony shows that Mrs. Stephens was driving her automobile on Louisiana Avenue toward the business section of the City of Shreveport, and when she reached the intersection of that street with Crockett Street, she turned to the right, and, in doing so, ran against a ten-year-old boy and knocked him down. According to the testimony, this threw Mrs. Stephens into a fit of excitement, causing her to lose control of the car altogether, and, instead of proceeding on down Crockett Street, as she had expected to do, she ran across Crockett Street, over against plaintiff's building. The testimony abundantly shows that Mrs. Stephens was negligent in at least two respects; namely, one being that she was driving at an excessive rate of speed— approximately 30 to 35 miles an hour; and second, that the foot brakes on the car were totally ineffective. Mr. Tanner, City Marshal, who took charge of Mrs. Stephens' automobile after the collision, testified that while the emergency brake was in order, yet the foot brake was so worn or loose that it would not stop the car at all. Mr. Ehrlich, treasurer of the Simon Ehrlich Enterprises, Incorporated, testified that he arrived at the scene while Mrs. Stephens was still there, and that in discussing the matter with her, she admitted that the damage was due to her own fault and negligence, and that she agreed to pay all damages. This testimony is not disputed.

The testimony found in the record amply supports the judgment appealed from. Furthermore, since this appeal was lodged, defendants have not appeared, through counsel or otherwise, to argue the case, nor has any brief been filed pointing out error in said judgment. We assume that the appeal has been abandoned. Under repeated rulings of this and of the Supreme Court, where an appellant fails to appear and point out errors in a judgment rendered, the Court will affirm the judgment unless there are errors patent on the face of the proceedings. In this case, the proceedings seem to be regular in all respects, and, as above stated, the testimony supports the findings of the trial judge.

For the reasons assigned, the judgment appealed from is affirmed, with costs in both Courts.